Filed 9/25/25  In re Jason T. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re JASON T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JASON T.,<br><br>　　　　　Defendant and Appellant. | C103206<br><br>(Super. Ct. No. JJC-JV-DE-2025-0000020) |

Appointed counsel for the minor Jason T., has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to the minor, we affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The prosecution filed a wardship petition pursuant to Welfare and Institutions Code, section 602, subdivision (a), alleging the minor, age 16, committed robbery,

1

personally used a firearm, carried a concealed firearm, armed criminal action, possessed an unregistered loaded firearm, was a minor in possession of a concealed weapon and ammunition, and purchased or received stolen property. (Pen. Code, §§ 211, 12022.53, subd. (b), 25400, subd. (a)(2), 25800, subd. (a), 25850, subd. (c)(6), 29610, 29650, and 496d, subd. (a).)

The facts of the crimes were described to the juvenile court as follows: The victims were walking on a street in San Joaquin County when two minors approached them. The minor that is the subject of this appeal pulled a firearm out of his sweatshirt and demanded the victims' property. The victims both dropped their bags and the minors took their property and ran off. It was later revealed that the minor and his mother had recently moved in with the mother's partner, who had then summarily kicked them out. As a result, at the time of the crime, they were living in a tent in front of an abandoned building and the minor had acted out of desperation.

At the detention hearing, the juvenile court found "A prima facia showing has been made that the [minor comes] within Section 602 of the Welfare and Institutions Code. And the basis for the detention is that for the protection of the minor[] and of the public and property of others." The juvenile court placed the minor in the temporary care of the probation department.

At the jurisdictional hearing, minor sought to resolve the case by admitting the robbery. The juvenile court advised him of his rights and found that he knowingly, voluntarily and intentionally waived them. The minor admitted he committed robbery. The remaining counts were dismissed on the People's motion.

On February 6, 2025, the juvenile court adjudged the minor a ward of the court and committed him to the Juvenile Justice Center for 180 days.

The minor filed a timely notice of appeal.

2

## DISCUSSION

Minor's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Minor was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from minor. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

BOULWARE EURIE, J.

3